# BROWN GAVALAS & FROMM LLP

355 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017

TEL: (212) 983-8500
FAX: (212) 983-5946
www.browngavalas.com
bgmail@browngavalas.com

NEW JERSEY OFFICE

1118 CLIFTON
AVENUE
CLIFTON, NJ 07013
TEL: (973) 779-1116
FAX: (973) 779-0739

HARRY A.GAVALAS
(1978-1999)
ROBERT J.SEMINARA
(1987-1999)

May 2, 2008

**MEMO ENDORSED**

**BY FACSIMILE**
(212) 805-7949

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08

Re:   Verda Shipping, Inc. v. EMCO Shipping
      08 Civ. 2751 (PKC)
      Our File No. 1610.0001

Dear Judge Castel:

We represent plaintiff, Verda Shipping, Inc. ("Plaintiff"), in this matter and write regarding the Initial Pretrial Conference scheduled for May 9, 2008 at 12:00 p.m., and to request a postponement of the same.

Plaintiff is aware that the Court's rules require a joint letter; however, this is an ex parte Rule B proceeding and thus the Defendant EMCO Shipping ("Defendant") has not yet been served with the Summons and Complaint.

This action was commenced on March 14, 2008 in order to obtain security for arbitration proceedings in London, pursuant to 9 U.S.C. § 8. In its Complaint, Plaintiff prayed for, and the Court granted, process of maritime attachment and garnishment. Plaintiff has been serving supplemental process on banks within the district since March 17, 2008, but has not yet attached any of Defendant's property.

Briefly, this action arises from a contract for the transport of a cargo of steel from Turkey to Yemen. At the loading port, Plaintiff's agents observed damage to the cargo. Plaintiff's agents then demanded that a remark be made on the Mate's Receipt and on the bill of lading. However, Defendant failed and refused to mark the bill of lading, resulting

## BROWN GAVALAS & FROMM LLP

The Honorable P. Kevin Castel
May 2, 2008
Page 2

in a claim against Plaintiff by the cargo receiver in Yemen. As security for this claim, the cargo receiver arrested Plaintiff's vessel, causing Plaintiff to lose income from the use of the vessel. In addition, Defendant owes Plaintiff unpaid hire due under the charter agreement. The parties have commenced arbitration proceedings in London, and this action was brought to provide security for a potential award granted in Plaintiff's favor in that arbitration.

Plaintiff does not contemplate any motions at this time.

Plaintiff cannot foretell the likelihood of settlement. Currently, Plaintiff has not attached any of Defendant's property. However, if and when Plaintiff does make such attachments, then settlement will depend on Defendant's willingness to provide alternate security.

In light of the fact that no funds have been attached, Plaintiff believes that a sixty-day postponement of the initial pretrial conference would allow sufficient time to determine the efficacy of the current attachment and whether it should be maintained or discontinued. Therefore, Plaintiff respectfully requests that the initial pretrial conference be postponed until June 31, 2008.

We thank the Court for its consideration of this request.

Respectfully submitted,

BROWN GAVALAS & FROMM LLP

Peter Skoufalos

*[Handwritten note:]* Initial conference adjourned from May 9 to July 1, 2008 at 9:45 a.m.
SO ORDERED
USDJ
5-5-08